JUSTICE KILBRIDE, specially concurring: While I agree with the majority that the application of the plain-error doctrine in Apprendi cases is permissible under the Supreme Court’s recent decision in Booker (219 Ill. 2d at 411-12), I am troubled for two reasons by the majority’s additional approval of the harmless-error doctrine in those cases. First, the Booker quotation cited by the majority (219 Ill. 2d at 412) plainly sets forth two distinct rationales for the Court’s beliefs that not “every sentence gives rise to a Sixth Amendment violation” and not “every appeal will lead to a new sentencing hearing.” Booker, 543 U.S. at 268, 160 L. Ed. 2d at 665, 125 S. Ct. at 769. The Court’s initial rationale is “because [the Court] expect[s] reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the ‘plain-error’ test.” Booker, 543 U.S. at 268, 160 L. Ed. 2d at 665, 125 S. Ct. at 769. See 219 Ill. 2d at 412. This statement provides an appropriate basis for the majority’s conclusion that cases involving sixth amendment violations are subject to plain-error analysis, and I concur in that assessment. The Booker Court then notes the second rationale underlying its beliefs, stating “[i]t is also because, in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine.” (Emphasis added.) Booker, 543 U.S. at 268, 160 L. Ed. 2d at 665, 125 S. Ct. at 769. While this statement does not expressly bar the use of harmless-error analysis in sixth amendment/Apprendi cases, it most assuredly does so implicitly. Indeed, I can conceive of no reason for adding that carefully tailored limitation other than to remove those cases from the broad category of matters subject to the doctrine of harmless error. That limitation on the use of harmless error is particularly striking because the Booker Court’s approval of the use of plain-error analysis in the immediately preceding sentence contains no hint of any similar limitation. For this reason, I believe the majority’s opinion improperly relies on Booker to support the unjustified reaffirmation of prior holdings on the use of harmless-error analysis in Apprendi cases as announced in Thurow and its progeny. 219 Ill. 2d at 414, 415. Not only do I believe the majority errs in reaffirming prior harmless-error holdings by overlooking the specific limitations expressed in Booker, but I also conclude that the majority reaches that decision prematurely and unnecessarily. Prior to beginning its Booker discussion, the majority correctly notes that, under this court’s prior case law, plain-error analysis applies when a defendant has failed to object to an alleged error while harmless error applies when a defendant has raised a timely objection. 219 Ill. 2d at 409-10. As the majority properly concludes, “[i]n the instant case, defendant did not make a timely objection to the extended-term sentence he received based on the trial judge’s finding that his conduct was brutal or heinous. Thus, plain-error analysis applies to a review of his sentence. [Citations.] The appellate court erred by applying harmless-error analysis.” 219 Ill. 2d at 411. If at that point the majority had examined the effect of the Booker decision on the use of plain-error analysis in this case, found it to be permissible, conducted its own plain-error review, and ultimately concluded that plain error was not shown, I would have had no qualm with the opinion. Instead, the majority engages in a dicta-laden discussion of the applicability of harmless-error analysis in sixth amendment cases, ending in its extension of the harmless-error doctrine to those matters under the auspices of Booker. Only after treading down that dubious path, does the majority focus on the resolution of defendant’s plain-error claim. As the majority repeatedly concedes, Nitz is a plain-error case. 219 Ill. 2d at 411, 414. It is not a harmless-error case. For this reason, I disagree with the majority’s unnecessary discussion of the application of that doctrine to sixth amendment cases. By properly deciding this case on the basis of plain error, the majority has no need to consider the propriety of the harmless-error doctrine in this or any other sixth amendment case and, further, to conclude that the use of harmless-error analysis announced in Thurow has now been given the Supreme Court’s imprimatur of approval in Booker. As I have explained, Booker simply does not support that conclusion. Accordingly, I reject those portions of the majority’s analysis, while concurring in its plain-error review as well as the remainder of its opinion.